United States District Court
Southern District of Texas
**ENTERED**
February 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAXIMO SEQUERA, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:21-cv-03090 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| DANOS LLC, *et al*, | § | |
| Defendants. | § | |

## ORDER

The motion by Defendants Genesis Energy, LP and Genesis Energy, LLC to strike the jury demand of Plaintiff Maximo Sequera is denied. Dkt 64.

Plaintiff Maximo Sequera sustained severe injuries to his knee, legs, and other parts of his body when he was thrown out of a personnel basket while transferring from an offshore platform to a vessel. Dkt 1-5 at ¶ 9. He filed this action in state court against Defendant Danos, LLC (his employer), the Genesis Defendants (the platform owner), and Defendant L&M Botruc Rental LLC (the vessel owner), asserting claims under the Jones Act and under the general maritime law of the United States. Id at ¶¶ 1, 5–8. The state court petition also expressly alleged, "Defendants are negligent and/or grossly negligent." Id at ¶ 10.

Danos removed to federal court with the consent of all other Defendants. Dkt 1 at 10. It asserted that removal was proper under §144(a) of Title 28 to the United States Code because the subject claims "fall under the Outer Continental Shelf Lands Act"—meaning that original jurisdiction was proper in federal court. Id at 2. Its point heading in this regard specifically stated, "Removal Is Proper Because Plaintiff's Claims Arise Under the OCSLA." Id at 7. All claims by Sequera under the Jones

Act were then dismissed nineteen months later upon motion by L&M Botruc and non-opposition by Sequera regarding his status as a non-seaman. Dkt 52.

The Genesis Defendants now seek to strike Sequera's jury demand, arguing that (i) he isn't entitled to a jury trial on the remaining claims under general maritime law, and (ii) while any claim under OCSLA would carry with it a right to jury trial, his state court petition doesn't state such a claim. Dkt 64 at 1–2.

To be clear, the Genesis Defendants aren't challenging that subject-matter jurisdiction exists in this Court. Nor could they credibly do so, given their express consent on removal based on OCSLA jurisdiction. See Dkts 1 at 10 & 1-10. Indeed, removal on any other basis wouldn't have been possible, as general maritime law claims filed in state court aren't removable without a separate basis for jurisdiction. See *Earls v Papasideras*, 2023 WL 4188565, *1 (SD Tex). And during the subsequent twenty-eight months of this litigation, no party has objected to subject-matter jurisdiction on the basis that the state court petition doesn't state a claim under OCSLA.

Yet the Genesis Defendants now suggest that the state court petition doesn't state a claim under OCSLA, thus depriving Sequera of any right to trial by jury. Dkt 67 at 3. It is no doubt true that Sequera didn't plead claims under OCSLA by name. But as just noted, all Defendants understood OCSLA to have been pleaded when they consented to removal on that basis. And Fifth Circuit precedent establishes that a state court petition needn't plead OCSLA by name in order to assert OCSLA claims.

For example, in *Hufnagel v Omega Service Industries, Inc*, the plaintiff didn't specifically plead claims under OCSLA. But the Fifth Circuit held that the pleadings were sufficient for OCSLA jurisdiction because they alleged claims under state law and contained allegations that fulfilled jurisdictional requirement that OCSLA claims arise out of an "operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and

2

seabed of the outer Continental Shelf." 182 F3d 340, 349–50 (5th Cir 1999), citing 43 USC §1349(b)(1). As well, the plaintiff "consistently acquiesced" in characterization of the suit as including OCSLA claims. Id at 350.

So, too, here. Sequera acquiesces to characterization of his claims as arising under OCSLA. See Dkt 66. The pleadings are likewise sufficient in that respect. Louisiana state law isn't mentioned, but Sequera alleges negligence, which is inherently a state law claim. Dkt 1-5 at ¶ 10. The petition also contains allegations to meet the OCSLA jurisdictional elements. For example, Sequera alleges that he was injured while being transferred from the "GB 72 platform" to the vessel where he was assigned. Id at 4. The record makes it quite clear that the GB 72 platform produces oil and gas from a location above the outer Continental Shelf. See Dkts 1 at 9 & 66 at 2.

*Hufnagel* thus compels construction of the state court petition as stating a claim under OCSLA. And this means in turn that Sequera is entitled to a trial by jury.

The motion by Defendants Genesis Energy, LP, and Genesis Energy, LLC, to strike the jury demand of Plaintiff Maximo Sequero is DENIED. Dkt 64.

SO ORDERED.

Signed on February 22, 2024 at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3